IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CHARLES EDWARD**
**WILLIAMS,**

    **Plaintiff,**

**vs.**                                                          **CASE NO. 1:23-cv-00271-AW-MAF**

**HIGH SPRINGS POLICE**
**DEPARTMENT,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Charles Edward Williams, a non-prisoner proceeding *pro se*, initiated this case pursuant to 42 U.S.C. § 1983, followed by an amended complaint and payment of the requisite filing fee. ECF Nos. 1, 4, 11. District courts have the inherent authority to dismiss a complaint *sua sponte* prior to service even when a plaintiff has paid the filing fee. See Cuyler v. Aurora Loan Servs., LLC, 2012 U.S. App. LEXIS 27130, at *10, 2012 WL 10488184 (11th Cir. Dec. 3, 2012). For the reasons stated, this case should be dismissed because the complaint is a shotgun pleading. A brief discussion of the procedural history is warranted.

    **I.**    **Procedural History**

This case has been pending for five months. Plaintiff initiated this case

with a letter to the Court, which was legally insufficient to stand as a civil rights complaint. ECF No. 1. The Court struck the filing as an improper pleading, advised Plaintiff on the proper course of proceeding, and directed him to amend by December 18, 2023. ECF No. 3. The Court also ordered Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* (IFP) by the same deadline. Id. Plaintiff filed a proper complaint form, ECF No. 4, but it was legally insufficient as a shotgun pleading. ECF No. 6. Again, the Court ordered Plaintiff to amend and to pay the fee or submit an IFP motion by January 12, 2024. ECF No. 6. Plaintiff did not comply.

On January 19, 2024, the undersigned issued a Report recommending dismissal for failure to comply with court orders. ECF No. 7. Nearly one month later, Plaintiff requested an extension of time to comply with the Court's directives. ECF No. 8. The undersigned vacated the pending Report and gave Plaintiff until March 5, 2024, to comply. ECF No. 10. Eventually, on March 1, 2024, Plaintiff paid the filing fee. ECF No. 11. Then, on March 5, Plaintiff filed another motion for an extension of time, which the Court granted. ECF Nos. 12, 13. The deadline for Plaintiff to file a proper civil rights complaint ended on **April 11, 2024**. Plaintiff had sufficient time to cure the deficiencies in his complaint but did not do so.

Case No.: 4:23-cv-00271-AW-MAF

II.   **Plaintiff's Operative Complaint, ECF No. 4.**

Plaintiff submitted a complaint on the proper form and sued the High Springs Police Department. ECF No. 4, pp. 1-3. As a *pro se* litigant, Plaintiff is entitled to liberal construction of his complaint. See Mederos v. United States, 281 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The complaint is no model of clarity. According to Plaintiff, he was arrested and charged with embezzlement and spent approximately seven or eight days in jail before "the prosecutor threw [the case] out." Id., p. 6. Plaintiff does not know the names of the officers who arrested him or who ordered his arrest. Id., p. 4. Plaintiff does not indicate when any of this occurred. Plaintiff alleges false arrest and seeks punitive damages. Id. The complaint is the quintessential shotgun pleading.

III.   **Discussion**

A.   Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be

simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). The complaint is a vague narrative; and there are no numbered paragraphs. The Court previously advised Plaintiff of these deficiencies, but he failed to cure it. See ECF Nos. 4, 6.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. "Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff provided absolutely no details about when his arrest occurred, the circumstances associated with his arrest; and he does not name any person involved in the arrest. It is an impermissible shotgun pleading. Plaintiff had sufficient time to amend his complaint but chose not to do so. The time to amend has now passed. Plaintiff will not be prejudiced by this dismissal. He may refile a proper complaint subject to a new case number and filing fee.

### IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that

Plaintiff's amended complaint be **DISMISSED** because it is an impermissible shotgun pleading. It is further recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on April 16, 2024.

/s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).