IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES EDWARD
WILLIAMS,

    Plaintiff,

v.                                        Case No. 1:23-cv-271-AW-MAF

HIGH SPRINGS POLICE
DEPARTMENT,

    Defendant.

_____/

**ORDER OF DISMISSAL**

Pro se plaintiff Charles Edward Williams initiated this case with a letter. ECF No. 1. The magistrate judge directed him to file a proper complaint, ECF No. 3, and Williams filed a new complaint, ECF No. 4. The magistrate judge identified deficiencies with that complaint and directed Williams to file another. ECF No. 6. The magistrate judge set a deadline for Williams to do so. *Id.* Williams then sought and received two extensions. ECF Nos. 10, 13. Along the way, he paid the filing fee. ECF No. 11. But Williams let the new deadline pass without filing his amended complaint, and the magistrate judge issued a report and recommendation suggesting dismissal. ECF No. 14. Williams has not filed any objection to the report and recommendation. He appears to have abandoned his case.

Having considered the matter, I now approve the recommendation to dismiss. The court has inherent authority to dismiss a case when a party fails to prosecute or

1

fails to comply with a court order. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Here, dismissal is appropriate. Williams received notice that his failure to file an amended complaint would lead to dismissal.

The clerk will enter a judgment that says, "This case is dismissed without prejudice for failure to comply with a court order and failure to prosecute." The clerk will then close the file.

SO ORDERED on May 23, 2024.

                                                       s/ *Allen Winsor*
                                                     United States District Judge